## THOMAS P. SARTAIN v. THE STATE.

SENTENCE — TERM OF IMPRISONMENT — CASE STATED.— Upon a conviction for bigamy wherein the punishment assessed was one hour's confinement in the penitentiary, sentence was pronounced against the accused. After one hour had expired, the accused, never having been incarcerated in the penitentiary, applied for his discharge under a writ of *habeas corpus*, claiming that he was entitled thereto by virtue of art. 825, Code Crim. Proc., which provides that the term of imprisonment in a conviction for a felony shall commence from the time of sentence. *Held*, that notwithstanding the provision of the article referred to, the term of imprisonment of the accused could not commence until he is actually delivered to the penitentiary authorities, and placed in confinement inside of the penitentiary walls.

APPEAL from the District Court of Grayson. Tried below before the Hon. JOSEPH BLEDSOE.

No brief for the appellant.

*J. H. McLeary*, Attorney General, for the State.

WHITE, P. J.    Appellant was convicted upon a charge of bigamy, and his punishment was assessed by verdict and judgment at one hour's imprisonment in the State penitentiary.    Sentence was pronounced upon him in accordance with the judgment.    An hour or more after sentence was pronounced, he applied to the district judge for a discharge upon writ of *habeas corpus*,— claiming his right to discharge by virtue of the latter clause of art. 825, Code Crim. Proc. (act Feb. 21, 1879), which provides that "the term" (of imprisonment) after conviction and sentence in a felony case "shall commence from the time of sentence." Upon hearing of the writ the district judge refused to discharge, but remanded appellant to the custody of the sheriff, to be kept until he could be conveyed by the legally constituted

authorities to the penitentiary, there to be confined in compliance with the judgment. From this order and judgment he appeals here.

The question is, does the statute invoked apply to a case of this kind, and was the defendant entitled to be discharged though the judgment and sentence had never been executed upon him, simply by virtue of the fact that his term of imprisonment had expired if it should be counted from the date of the sentence? In other words, it is insisted that a term of imprisonment can expire before there has ever been any imprisonment, and that a judgment can be executed without in fact ever having been executed. To state the proposition is to manifest its absurdity, and in passing the act referred to (art. 825) the Legislature could never have intended such an absurdity, or, rather, could never have intended to defeat the very object of the penal law by depriving it of its power to enforce its judgments. One of the very objects of the Code of Criminal Procedure is declared to be "the certain execution of the sentence of the law when declared." Code Crim. Proc. art. 1, subdiv. 6.

In felony cases "a final judgment is the declaration of the court entered of record, showing" among other things "that the defendant be punished as it has been determined by the jury in cases where they have the right to determine the amount, or the duration and the place of punishment, in accordance with the nature and terms of the punishment prescribed in the verdict." Code Crim. Proc. art. 791, subdiv. 10.

Art. 792. "A sentence is the order of the court made in presence of the defendant and entered of record, pronouncing the judgment and ordering the same to be carried into execution in the manner prescribed by law."

Art. 820. "Immediately after final sentence shall have been pronounced the convict *shall be conveyed to the penitentiary*," etc. "The sheriff shall deliver the convict

\* \* \*   to the superintendent of the penitentiary." Art. 824. Felonies less than capital are punished by *imprisonment in the penitentiary.* Penal Code, art. 54. The punishment for bigamy is "*by imprisonment in the penitentiary* for a term not exceeding three years." Penal Code, art. 324.

In the very nature of things there can be no incarceration in the penitentiary without an actual imprisonment within its walls.   But it is insisted that there is neither exception to the operation nor ambiguity in the language used in the statute invoked,—the language being "the term shall commence from the time. of sentence, or in case of appeal from the time of the affirmance of the sentence by the Court of Appeals." Code Crim. Proc. art. 825.   "It will be found to be an established rule in the exposition of statutes that the intention of the law-giver is to be deduced from a view of the whole and of every part of the statute, taken and compared together." \* \* \*   And "where the intention of the Legislature is not apparent to that purpose, the general words of another and later statute shall not repeal the particular provisions of a former one.   'It cannot be contended,' says Lord Kenyon, 'that a subsequent act of Parliament will not control the provisions of a prior statute if it were intended to have that operation; but there are several cases in the books to show that where the intention of the Legislature was apparent that the subsequent act should not have such an operation, then, even though the words of such statute taken strictly and grammatically would repeal a former act, the courts of law, judging for the benefit of the subject, have held that they ought not to receive such construction.' "   Potter's Dwarris, p. 110.

"Courts are not confined to the literal meaning of the words employed, in the construction of statutes, but, as was said in *Burgett* v. *Burgett*, 10 Reports, 221, the intention of the law-makers may be collected from the cause

or necessity of the act; and statutes are sometimes contrary to the literal meaning of the words. It has been decided that a thing within the letter was not within the statute unless within its intention. The letter is sometimes restrained, sometimes enlarged, and sometimes the construction is contrary to the letter. (4 Bac. title Statute, 1, secs. 38, 45, 50.) Every statute should be construed with reference to its object, and the will of the law-makers is best promoted by such a construction as secures that object and excludes every other." *Castner* v. *Walrod*, 83 Ill. 171; *Walker* v. *State*, 7 Texas Ct. App. 245.

Ch. J. Chase in Cæsar Griffin's case says: "On the other hand a construction which must necessarily occasion great public and private mischief must never be preferred to a construction which will occasion neither or neither in so great degree, unless the terms of the instrument absolutely require such preference." Chase's Decisions, 364. And in *Missouri Mutual Life Ins. Co.* v. *King*, 44 Mo. 283, it was held,—"Generally where words used in a statute are clear and unambiguous there is no room left for construction; but where it is perceived that a particular intention, though not precisely expressed, must have been in the mind of the legislator, that intention will be enforced and made to control the strict letter."

Now, applying these principles, it certainly never could have been intended by the Legislature to exempt entirely from punishment and imprisonment in the penitentiary any citizen who, after having violated the law, was fairly tried and condemned, and sentenced to such punishment for his crime. It could never have been intended that a party condemned to the penitentiary could claim that he had expiated his imprisonment when in fact he had never been imprisoned. It could not have been intended that all previous laws pertaining to the conviction, or rather the punishment, of convicted felons should be repealed.

The obvious construction of art. 825 is simply this,—that when a party is condemned to the penitentiary for any term of months or years he must be imprisoned in the penitentiary, but, after he has reached and been actually confined in said penitentiary, the term of his imprisonment may be estimated to begin from the date of sentence.

To hold otherwise would be to relieve felons, such as appellant in this case, to a certain extent from the disgrace and the disabilities of actual imprisonment in the penitentiary, which is as much a part and parcel of the punishment as the term of imprisonment.

We see no error in the judgment, and it is affirmed. *Affirmed.*